**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcostlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Chris Koval

C 13    0069 LB

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOVAL,<br><br>Plaintiff,<br><br>v.<br><br>PALISADES ACQUISITION XVI, LLC; AND, THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.  CHRIS KOVAL ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Palisades Acquisition XVI, LLC (individually as "Palisades" or collectively as "Defendants"); and, THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION ("individually as "Brachfeld" or collectively as "Defendants") with regard to attempts by Defendants, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**                                                     PAGE 2 OF 7

6.  Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7.  Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8.  Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

11. Because Defendants do business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391, as the harm to Plaintiff occurred in this judicial district.

## PARTIES

13. Plaintiff is a natural person who resides in the State of Arizona, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant Palisades is a company operating from the State of New Jersey.

15. Defendant Brachfeld is a company operating from the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

//

HYDE & SWIGART
San Diego, California

## FACTUAL ALLEGATIONS

18. Sometime prior to August 2008, Plaintiff is alleged to have incurred certain financial obligations to a creditor.

19. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. Sometime thereafter, but before August 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

21. As a result, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Palisades for collection.

9. Subsequently, but before August 15, 2012, Defendant, Palisades, a debt collector pursuant to the FDCPA, retained Defendant, Brachfeld, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

10. Pursuant to the instructions of Palisades, Brachfeld, in the name of Palisades, filed a state collection case against Plaintiff on August 5, 2008 in the San Francisco Superior Court based on Plaintiff's consumer account that was allegedly in default, Case No. CGC-08-478244.

11. Thereafter, Defendants filed a Proof of Service of Summons on with the San Francisco Superior Court in which Defendants alleged that Defendants served Plaintiff with the state collection case via substituted service at Plaintiff's home located at 1900 Sutter St., Apt. 15A, San Francisco, CA 94115.

12. However, Plaintiff did not reside at 1900 Sutter St., Apt. 15A, San Francisco, CA 94115.

13. Through this conduct, Defendants took action that could not legally be taken by filing the Proof of Service of Summons, under the penalty of perjury, asserting that Plaintiff had been properly served at an address that Plaintiff did not reside at. Such conduct constitutes a violation of 15 U.S.C. § 1692e(5).

//

//

COMPLAINT FOR DAMAGES

HYDE & SWIGART
San Diego, California

14. Through this conduct, Defendants used a false representation and deceptive means to collect or attempt to collect the alleged debt by asserting that Defendants personally served Plaintiff at an address where Plaintiff was neither present nor resided. Consequently, Defendants violated 15 U.S.C. § 1692e(10).

15. Since Plaintiff had never been served, Defendants falsely represented the legal status of the alleged debt that Defendants was trying to collect by claiming that Plaintiff had defaulted on Defendants' Complaint. This is especially the case when Plaintiff put Defendants on actual and constructive notice that the proof of service filed with the Court was false and improper. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

16. Through the same conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of the alleged debt by falsely asserting that Plaintiff had been properly served. Consequently, Defendants violated 15 U.S.C. § 1692d.

17. Because Plaintiff was never properly served as required by California law, Defendants' Request for Entry of Default was prohibited by law.

18. Through this conduct, Defendants threatened to take any action that cannot legally be taken. Consequently Defendants violated 15 U.S.C. § 1692e(5).

19. Through this conduct Defendants used unfair or unconscionable means to collect or attempt to collect any debt. Consequently Defendants violated 15 U.S.C. §§ 1692(b)(6); 1692c(a)(2); 1692d; 1692e(2)(A); 1692e(5); and, 1692e(10).

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

22.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendants individually;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,

- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

23.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: January 3, 2012                              Respectfully submitted,

                                                    **Hyde & Swigart**

                                                    By: ____/s/ Joshua B. Swigart___
                                                        Joshua B. Swigart, Esq.
                                                        Attorneys for Plaintiff

HYDE & SWIGART
San Diego, California